UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20863-Civ-SCOLA

MARIA PEREZ,

    Plaintiff,
vs.

LONG TERM DISABILITY PLAN FOR
CHOICES ELIGIBLE EMPLOYEES OF
JOHNSON & JOHNSON AND AFFILIATED
COMPANIES,

    Defendant.
_____/

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

    THIS MATTER is before the Court on the parties' cross motions for summary judgment (ECF Nos. 24 & 26). On February 7, 2012, the Court held a hearing on this matter and heard arguments from counsel on the cross-motions. For the reasons explained in this Order, the Plaintiff's Motion for Summary Judgment is denied, and the Defendant's Motion for Summary Judgment is granted.

**I. Background**

    This is an ERISA benefits denial case. Johnson & Johnson sponsors a long term disability program for eligible employees, called the Long Term Disability Plans for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies. This Plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002-1461 (2006) (ERISA). The Plan is administered by the Johnson & Johnson Pension Committee, which has appointed a third-party service administrator, Reed Group, to assist with the evaluation and processing of claims. The Johnson & Johnson Pension Committee has discretion regarding the administration of the plan, including interpreting and construing the terms of the Plan and determining eligibility of any person to participate in or receive benefits under the Plan.

    In February 2008, Reed Group granted the Plaintiff, Maria Perez, short term disability benefits after Perez's treating psychiatrist placed her on no-work status pending a psychiatric evaluation regarding a diagnosis of depression. Perez continued to seek treatment for

depression, and Reed Group subsequently extended short term disability benefits to Perez through July 2008.  In June 2008, Reed Group directed Perez to undergo an independent medical examination by psychologist Kristjan Olafsson.  After Reed Group had paid Perez the maximum short term benefits for which she was eligible, Reed Group advised her that she needed to apply for long term benefits.  In July 2008, Perez applied for long term disability benefits, which were initially approved by Reed Group.  However, on September 5, 2008, Reed Group denied continuing long term care benefits based on language in the Plan which rendered benefits no longer payable after a participant failed or refused to cooperate with respect to an evaluation of his or her continuing disability.  In its letter denying continuing long term disability benefits, Reed Group quoted Dr. Olafsson's report which stated, in part:

> Performance on tests designed to identify malingering revealed exaggeration of symptoms.  Mrs. Perez appeared to put forth minimal effort throughout most tests.  She demonstrated poor performance on the Memorization of 15 Item Test, which is a simple test designed to identify malingerers.  Results of the Computerized Assessment of Response Bias (CARB) indicated "very very poor effort."

Perez appealed the denial of her continuing long term disability benefits.  Reed Group sent Perez's claim file to Kelly Clark, M.D., a board certified psychiatrist, for an independent review.  Dr. Clark concluded that based on the objective medical information, Perez was not able to work in any capacity.  Dr. Clark also opined, in her report, that it was "possible that [Perez's] level of anxiety and depression, with resultant feelings of being overwhelmed and multiple stressors impair her ability to complete testing."  Based on Dr. Clark's findings, on October 13, 2008, Reed Group retroactively reinstated Perez's long term disability benefits.

In March 2009, Perez's mental health was evaluated by Alina C. Nodal, M.D.  Dr. Nodal concluded that Perez was not able to return to work in any capacity.  Also in March 2009, the Social Security Administration approved disability benefits to Perez.  As a result of her receipt of disability benefits, and pursuant to the terms of the Plan, Perez was required to payback a portion of the long term disability benefits that she had received.

Up until this point, Perez had been receiving benefits under the Plan because it was determined that she was unable to perform her regular occupation.  Sometime in the spring of 2009, however, the Plan called for Perez's continued receipt of long term disability benefits to be predicated on a determination that Perez was not able to perform any job.  In May 2009, Perez was sent to a second independent medical examination to be conducted by Alejandro J. Arias, Psy.D.  Following this examination, on July 24, 2009, Reed Group informed Perez that it was

terminating her disability benefits effective August 1, 2009. Reed Group decided to terminate Perez's benefits on the basis of Dr. Arias's report, having concluded that Perez's subjective complaints could not be objectively verified, and because of Perez's failure or refusal to cooperate with respect to the evaluation of her condition.

Perez again appealed this denial of benefits. In response, Reed Group again submitted Perez's file for an independent review, this time to Alexander Chervinsky, Ph.D. Following Dr. Chervinsky's review of Perez's file, on October 12, 2009, Reed Group informed Perez that it was upholding the decision to terminate her long term disability benefits. Reed Group's termination notification letter quoted extensively from Dr. Chervinsky's report. Ultimately, Reed Group decided to uphold its July 24, 2009 decision to deny benefits due to suboptimal effort on the independent medical examination performed in May 2009.

Perez appealed this decision, and in December 2009 retained counsel to assist her in the appeal process. In her appeal, Perez's primary focus was the independent review and report submitted by Dr. Clark and the timing of the denial of benefits by Reed Group and the receipt of the repayment money from Perez following her receiving Social Security disability payments. In March 2010, Reed Group submitted Perez's entire file to Thomas A. Boyd, Psy.D. for another independent evaluation. On May 11, 2010, Johnson & Johnson Pension Committee informed Perez that her final appeal for benefits was being denied. Johnson & Johnson's May 11, 2010 letter quoted extensively from the reports of Drs. Arias, Chervinsky, and Boyd. The letter also addressed the report by Dr. Clark, but ultimately found that Dr. Clark's report addressed an earlier time period, during which Perez had received benefits. Ultimately, Johnson & Johnson denied Perez's claim for long term disability benefits based on a lack of objective medical documentation to support Perez's subjective reports of disabling depression and because of Perez's lack of full cooperation with the assessments as required under the Plan. Following the final denial of benefits this lawsuit ensued.

## II.  Legal Standards

Although this matter is before the Court on cross motions for summary judgment, in an ERISA benefits denial case "the district court sits more as an appellate tribunal than as a trial court." *See Curran v. Kemper Nat. Servs., Inc.,* No. 04-14097, 2005 WL 894840, at *7 (11th Cir. Mar. 16, 2005) (quoting *Leahy v. Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir.2002)). The court "does not take evidence, but, rather, evaluates the reasonableness of an administrative

determination in light of the record compiled before the plan fiduciary." *Id.* Thus, there "may indeed be unresolved factual issues evident in the administrative record, but unless the administrator's decision was wrong, or arbitrary and capricious, these issues will not preclude summary judgment as they normally would." *Pinto v. Aetna Life Ins. Co.*, No. 09-01893, 2011 WL 536443, at *8 (M.D. Fla. Feb. 15, 2011); *Turner v. Am. Airlines, Inc.*, No. 10-80623, 2011 WL 1542078, at *4 (S.D. Fla. Apr. 21, 2011) ("[W]here, as here, the decision to grant or deny benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply.") (internal quotations omitted).

Under 29 U.S.C. § 1132(a)(1)(B), a benefit plan participant or beneficiary may bring a civil action to recover benefits due to her under the terms of the plan, and to enforce or clarify her rights under the terms of the plan. The provision does not set forth the appropriate standard of review for actions challenging benefit eligibility determinations. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989). Where a plaintiff challenges a denial of benefits under Section 1132(a)(1)(B), a court must review such denial "under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115.

The Eleventh Circuit developed a multi-step framework for analyzing an administrator's benefits determination:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (*i.e.*, the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether [the administrator] was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
> (3) If the administrator's decision is " *de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then [end the inquiry and affirm the decision].

*See Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195-96 (11th Cir. 2010).

### III. Discussion

Here, the Plan administrator, Johnson & Johnson Pension Committee, was vested with discretion in reviewing claims. (Admin. R. 135-36, ECF No. 27-3.) Therefore, even if the decision to deny Perez's benefits was wrong, the ultimate question in this case is whether reasonable grounds supported that decision; in other words, whether Johnson & Johnson's decision to deny Perez's benefits was arbitrary and capricious. *Capone*, 592 F.3d 1195.

Johnson & Johnson relied on reports from four separate, independent doctors who all rendered similar opinions that Perez was not fully and adequately engaging in the testing and evaluation process, and that Perez's subjective complaints of disabling depression were not consistent with the objective findings. Put simply, these doctors reported to Johnson & Johnson that Perez was fabricating or exaggerating the symptoms of her mental health issues and further that, despite her mental health issues, Perez could perform some type of work. There were other reports from Perez's treating doctors, but Johnson & Johnson's decision to give more weight to the objective data is neither arbitrary nor capricious.

Johnson & Johnson's explanation that Dr. Clark's report pertained to a different time period and was therefore not persuasive over the more recent medical opinions was also reasonable. Finally, the Plaintiff's suggestions of nefarious dealings based on the timing of the second independent medical examination and the receipt of Perez's repayment of funds based on her receiving Social Security benefits is not persuasive. Under the terms of the Plan Johnson & Johnson had the right to require the repayment of the benefits following the receipt of the Social Security benefits. Additionally, the timing of the second independent medical examination also coincided with Perez transitioning from being required to establish that she was unable to perform her regular job to having to show that she was unable to perform any job due to her disability. Johnson & Johnson's decision to invoke its right to repayment based on the Social Security benefits and its decision to require a second independent medical evaluation was not arbitrary or capricious.

### IV. Conclusion

Having considered the arguments of the parties, the record, and the relevant legal authorities, this Court finds that Johnson & Johnson's decision to terminate Perez's long term disability benefits under the Plan was reasonable (*i.e.*, the decision was not arbitrary or capricious). It is **ORDERED and ADJUDGED** that the Plaintiff's Motion for Summary

Judgment (ECF No. 26) is **DENIED**, the Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED**. Relatedly, the unopposed motion to file the administrative record under seal (ECF No. 27) is **GRANTED**.

    **DONE and ORDERED** in chambers, at Miami, Florida, on February 9, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*